UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY G. JACKSON,

        Plaintiff,

v.

        Case No. 12-10124
        Hon. Lawrence P. Zatkoff

UNITED STATES OF AMERICA,

        Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 30, 2013.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss [dkt 5]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant's Motion is GRANTED.

## II. BACKGROUND

**A. OVERVIEW**

This case involves Plaintiff's claims under the Federal Tort Claims Act ("FTCA") stemming from an automobile accident involving Plaintiff and non-party Michele Battistelli. At the time of the accident, Battistelli was employed as an Assistant Special Agent in Charge ("ASAC") in the Detroit Field

Office of U.S. Immigration and Customs Enforcement (the "ICE"), a component of the U.S. Department of Homeland Security. After Plaintiff filed her complaint, Defendant brought the instant motion arguing that the Court lacks subject-matter jurisdiction over this case because Plaintiff's complaint was not timely filed in accordance with the FTCA's limitations period.

**B. FACTUAL BACKGROUND**

The automobile accident involving Plaintiff and Battistelli occurred on January 13, 2009, at approximately 5:00 p.m. According to the Complaint, Plaintiff alleges that she was driving westbound near the intersection of Abbott and Third Street in Detroit. Plaintiff alleges that she came to stop in her vehicle at the intersection, at which point the vehicle driven by Battiselli struck Plaintiff's vehicle causing a front-end collision.

**C. PROCEDURAL BACKGROUND**

Following the accident, Plaintiff retained the law firm of Gursten, Koltonow, Gursten, Christensen, and Raitt, P.C. (also known and hereinafter referred to as "Michigan Autolaw") to represent her. By letter dated March 5, 2009, Michael Shaffer ("Shaffer"), an attorney with Michigan Autolaw, submitted an Administrative Claim for Damage, Injury or Death ("Administrative Claim") to ICE. According to his cover letter, the office of both Shaffer and Michigan Autolaw was located at 26555 Evergreen Road, Suite 1530, Southfield, MI 48076.

Shaffer mailed the administrative claim to "U.S. Department of Homeland Security, Washington, D.C. 20528"—which was the incorrect address since the claim was against ICE and not its parent department. The claim was nevertheless transferred to ICE on or about June 17, 2009.

By letter to Shaffer, dated July 7, 2009, ICE informed Plaintiff that her claim had been received and mailed an acknowledgement letter to Shaffer's address as indicated on his cover letter. In the letter, ICE advised Plaintiff that, under the applicable statute, it had up to six months to adjudicate the

2

administrative claim, and that, if ICE failed to adjudicate the claim within six months, Plaintiff could thereafter file suit in federal court.

On March 8, 2011, ICE mailed to Plaintiff's counsel, via certified mail, a "final determination" denying Plaintiff's claim. In the denial letter, ICE informed Plaintiff that, if she was dissatisfied with ICE's decision, she could file suit in the appropriate federal court "no later than six months after the date of mailing of this notice of final denial."

ICE mailed the final denial letter to Shaffer at the address included on Shaffer's letter, the same address it had used previously. According to the Government, ICE received no notice that Shaffer's office had moved or that there had been a change in Plaintiff's legal counsel. The final denial letter was returned to ICE. According to the envelope, the letter was "not deliverable as addressed" and the U.S. Postal Service was "unable to forward" it. According to the tracking information provided by the U.S. Postal Service, the letter could not be delivered because Shaffer and Michigan Autolaw had "Moved" and "Left no Address."

On January 11, 2012, Plaintiff filed this action based on the claims made in her Administrative Claim. According to the complaint, Plaintiff is no longer represented by Shaffer and Michigan Autolaw, but is instead represented by Phillip Serafini of Serafini, Michalowski, Derkacz & Associates, P.C. ("SMDA"). It is unknown when Serafini replaced Shaffer as Plaintiff's counsel.

### III. LEGAL STANDARD

The government is shielded from suit by the doctrine of sovereign immunity. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). Sovereign immunity is jurisdictional in nature. *United States v. Mitchell*, 463 U.S. 206, 212-14 (1983). Thus, a complaint brought against the United States is subject to a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction unless the plaintiff can show a waiver of sovereign immunity. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269

(6th Cir. 1990). To show such a waiver, a plaintiff must identify a specific statutory provision that waives the government's sovereign immunity from suit. *United States v. Sherwood*, 312 U.S. 584, 586-88 (1941). A waiver of sovereign immunity must be "unequivocally expressed" in statutory text and will not be implied. *See Lane v. Pena*, 518 U.S. 187, 192 (1996). Even when Congress enacts a statute that waives federal sovereign immunity in some circumstances, such a waiver must be construed "strictly in favor of the sovereign" and a court may "not enlarge the waiver 'beyond what the language requires.'" *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986) (superceded by statute on other grounds) (citation omitted).

## IV. ANALYSIS

The waiver identified by Plaintiff in bringing this action is the FTCA, 28 U.S.C. §§ 1346(b), 2671 *et seq.* The FTCA allows a plaintiff to bring a cause of action:

> against the United States for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The FTCA's limited waiver of sovereign immunity is conditioned upon a claimant's timely presentation of tort claims against the government and imposes two filing deadlines. First, a plaintiff must present an administrative claim in writing to the appropriate federal agency within two years of the time the claim accrues. 28 U.S.C. § 2401(b). The parties are in agreement that Plaintiff submitted an administrative claim within two years of the claim accruing.

Second, a plaintiff must begin an action within six months of the federal agency's mailing of the notice of final denial of the administrative claim by certified mail. *Id.* If a plaintiff fails to meet either deadline, the claim "shall be forever barred." *Id.*

In the instant Motion, the Government argues that Plaintiff's claims are barred because Plaintiff did not file the claim within six months of ICE mailing the notice of final denial of the Administrative Claim, as required by 28 U.S.C. § 2401(b). In the alternative, the Government argues that the six-month limitations period should not be equitably tolled. The Court addresses each argument in turn.

A. WHETHER PLAINTIFF TIMELY FILED HER COMPLAINT IN THIS COURT

The Court agrees with Defendant and finds that Plaintiff did not timely file this case within the six-month limitation period. Section 2401(b) required Plaintiff to file suit within six months of the ICE's *mailing* of the notice of final denial of the administrative claim by certified mail. ICE mailed a final denial letter via certified mail on March 8, 2011. As the evidence shows, ICE sent the final denial letter to Plaintiff's counsel of record (Shaffer and Michigan Autolaw). After all, it was Shaffer who submitted the Administrative Claim on Plaintiff's behalf and who provided evidence of representation as required by 28 C.F.R. § 14.2(a). There is nothing to indicate that Serafini ever established himself or SMDA as Plaintiff's counsel of record with ICE, or that ICE had knowledge of the correct address to where the final denial letter should have been sent.

Plaintiff sets forth a number of arguments to persuade the Court to deem Plaintiff's complaint timely. First, Plaintiff claims that ICE was at fault for failing to notify her of the final decision. According to Plaintiff, the six-month limitations period did not commence because neither Shaffer nor Serafini received the denial letter. Accepting this argument, however, would result in the limitation period commencing upon a complainant's *receipt* of the denial letter, rather than upon an agency *mailing* it—a result that would contradict the plain language of § 2041(b).

Second, Plaintiff argues, on the basis of public policy, that a complainant's receipt of the denial letter is required to effectuate the FTCA's purported "purpose," because finding otherwise would render the statute "ineffective." Yet, as noted, the text of Section 2401(b) is unambiguous and Plaintiff's policy

5

arguments conflict with this text. Had Congress intended for the limitations period to commence upon a complainant's receipt, then Congress would have included a provision reflecting such intent. This is especially true given that, in a separate provision of § 2401(b), Congress used different language that actually required receipt, not just mailing. On one hand, Congress used the "date of mailing" a final denial letter as the starting point of the six-month limitations period at issue in this case; on the other hand, the time period within which an agency is to consider a claim commences when the claim is "presented"—*i.e.*, received. *See* 28 U.S.C. §§ 2401(b), 2675; 28 C.F.R. § 14.2. *See also Willis v. United States*, 972 F.2d 350 (6th Cir. 1992) (finding that the mere mailing of documents does not satisfy "presentment" requirement under Section 2401(b)). Because Congress used different language to provide for different requirements in a single provision of a statute, the Court finds that it should give effect to the plain meaning of the language used. *See Bates v. Dura Automotive Sys., Inc.*, 625 F.3d 283, 286 (6th Cir. 2010) ("[w]hen Congress uses different language in different parts of the same act, [courts] endeavor to give effect to that different language.").

Third, Plaintiff argues that the Court should ignore the plain language of the statute because ICE mailed the denial letter only to Shaffer and not to Serafini. Plaintiff states that she changed representation from Michigan Autolaw and Shaffer to Serafini and SMDA. Yet notably absent from Plaintiff's response brief and the affidavits of Shaffer and Serafini is any representation of the date on which Serafini took over as Plaintiff's counsel. There is also nothing to indicate that Serafini provided ICE with evidence of his authority to present the claim on Plaintiff's behalf. *See* 28 C.F.R. § 14.2(a). ICE certainly cannot be held accountable for not mailing the final notice of denial to Serafini/SMDA if, at the time, Serafini was not Plaintiff's counsel of record. As noted, there is nothing to indicate that ICE had knowledge of the correct address to where the final denial letter should have been sent.

6

To support her argument that the six-month limitations period commences upon a complainant's receipt of a denial letter, Plaintiff cites *Matos v. United States*, 380 F. Supp. 2d 36 (D.P.R. 2005). Yet, Plaintiff's reliance on *Matos* is misplaced. The Plaintiff in Matos provided the agency with two addresses—a physical address and a mailing address. The agency only sent the denial letter to the physical address. Thus, in *Matos*, the denial letter was not mailed to the proper address, so the court held that Section 2401(b)'s sixth-month time period did not begin to run. *Matos*, 380 F. Supp. 2d at 39–40. In this case, however, ICE was provided a single address—that of Shaffer and Michigan Autolaw. As noted, there is nothing to indicate that ICE knew of any address change.

Plaintiff, however, argues that ICE was "informed that plaintiff had hired new counsel," so the mailing to Shaffer was improper. Plaintiff argues that, at some unspecified date, Serafini and his firm replaced Shaffer and Michigan Autolaw as Plaintiff's counsel, that Serafini had informed ICE of this fact during a February 2, 2011, telephone conversation, and that ICE incorrectly sent the denial letter to Shaffer anyway.

ICE's claim file contains no record of that phone call or that any such information regarding a new lawyer was provided to ICE. But even assuming he is correct, Serafini never provided ICE with "evidence" that he actually represented Plaintiff as is required when a claim is presented to an agency under the applicable regulations. *See* 28 C.F.R. § 14.2(a). Shaffer, of course, had complied with the regulations when he submitted a letter stating that he represented plaintiff and swore, under penalty of perjury, that he was the "attorney for claimant."

ICE thus sent the denial letter to Shaffer, the attorney of record under the regulations. Serafini's failure to provide evidence of representation is particularly glaring given that, according to Serafini, he deliberately ignored ICE's specific request that he send a demand letter in connection with the claim, from which ICE could have obtained his address and evidence of his representation. Moreover,

7

Plaintiff's argument ignores the fact that she would have received the denial letter had Shaffer simply notified ICE of his firm's move—Shaffer states that if he had been informed of the denial letter, he would have informed Serafini.

Although Shaffer states that Michigan Auto Law moved offices in May 2010, there is nothing to indicate he or Michigan Autolaw informed ICE of this fact. Shaffer also states that a forwarding order was in place with the U.S. Postal Service to forward mail for one year—until May 2011—which would have included the time period ICE mailed the denial letter (March 8, 2011). Yet Shaffer provides no evidence supporting these assertions, and his statement is contradicted by the Postal Service's notations on the envelope stating that in March 2011 the letter was "not deliverable as addressed" and that the Postal Service was "unable to forward" it.

While Plaintiff faults ICE for not doing more to ensure that Plaintiff's counsel received the final denial letter, the failures on the part of Plaintiff and her counsel appear to have caused Plaintiff to untimely file suit. The Court cannot ignore the plain language of § 2401(b). Mailing—and not receipt—commences the limitations period, and Plaintiff's claim is therefore barred.

**B. EQUITABLE TOLLING**

Defendant additionally argues that the FTCA's limitation period should not be equitably tolled to allow Plaintiff's untimely filing in this case. Equitable tolling "allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (citations omitted). Courts apply equitable tolling "sparingly, and not when there has only been a garden variety claim of excusable neglect." *Chomic v. United States,* 377 F.3d 607, 615 (6th Cir. 2004) (citations and internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving entitlement to it. *Robertson v. Simpson,* 624 F.3d 781, 784 (6th Cir. 2010). That showing generally

encompasses the following considerations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt,* 148 F.3d at 648 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)).

The Sixth Circuit has noted that federal courts have debated whether the FTCA time limitations are jurisdictional and therefore not amenable to equitable tolling following the Supreme Court's decision in *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008). *See Bazzo v. United States*, 11-1914, 2012 WL 3326308 at *1 (6th Cir. Aug. 15, 2012). The Court need not examine this question, however, because even if equitable tolling applies, Plaintiff has not shown her entitlement to such relief.

First, Plaintiff cannot claim a lack of notice or constructive knowledge of the filing requirement. Plaintiff was represented by counsel and the FTCA's requirements and deadlines are well-known, even more so by counsel who practice in this area of the law. Additionally, Plaintiff timely filed within the first limitations period by submitting her administrative claim within two years of accrual of the claim, indicating that Plaintiff and her counsel were aware of the relevant FTCA provisions. Plaintiff's purported ignorance was not reasonable, since she fails to establish that such ignorance resulted from the errors of anyone other than her own counsel.

Second, the Court finds that Plaintiff was not diligent in pursuing her claims. Pursuant to the FTCA, "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675. Plaintiff filed her Administrative Claim in June of 2009. Thus, Plaintiff could have filed suit as early as December 2009 yet did not do so. Nor did she file suit in 2010 or 2011. The window within which she was to do so closed upon expiration of the six-month limitations period—September 8, 2011. As such, Plaintiff had nearly two years to file suit. Instead, Plaintiff waited

9

until January 2012 to file suit, which was four months after the limitations period expired. Plaintiff had ample time in which to file suit and was thus not diligent in pursuing her claims.

Last, Defendant would be prejudiced were the Court to apply equitable tolling. Defendant would be required to litigate a matter that unquestionably was filed beyond the limitations period and over which Congress did not intend to waive sovereign immunity.

Accordingly, all of the *Andrews* factors weigh in favor of denying equitable tolling of the six-month limitations period.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Defendant's Motion to Dismiss [dkt 5] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Date:   January 30, 2013                                                s/Lawrence P. Zatkoff
                                                                        LAWRENCE P. ZATKOFF
                                                                        U.S. DISTRICT JUDGE